UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMCAST CORPORATION; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; COMCAST OF HOUSTON, LLC; COMCAST BUSINESS COMMUNICATIONS, LLC; COMCAST HOLDINGS CORPORATION; COMCAST SHARED SERVICES, LLC; and COMCAST STB SOFTWARE I, LLC,<br><br>        Plaintiffs,<br><br>    - against -<br><br>ROVI CORPORATION; ROVI GUIDES, INC.; ROVI TECHNOLOGIES CORP.; and VEVEO, INC.<br><br>        Defendants. | Civil Action No. 16-cv-3852 |

# COMPLAINT

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York  10017
(212) 450-4000

*Attorneys for Plaintiffs Comcast Corporation;
Comcast Cable Communications, LLC; Comcast
Cable Communications Management, LLC;
Comcast of Houston, LLC; Comcast Business
Communications, LLC; Comcast Holdings
Corporation; Comcast Shared Services, LLC; and
Comcast STB Software I, LLC*

## SUMMARY OF THE ACTION

1.      This is an action for breach of contract and declaratory judgment of patent noninfringement arising from Defendants' filing of two patent infringement actions in the U.S. District Court for the Eastern District of Texas and one before the International Trade Commission ("ITC") (collectively, the "Rovi Actions").  Those actions each breach two different forum selection clauses in licensing agreements between the parties, both of which mandate that the Rovi Actions be litigated in New York.  Additionally, the Rovi Actions all assert patents that the Plaintiffs (collectively "Comcast") have not infringed.

2.      The Rovi Actions allege that Comcast's interactive programming guides ("IPGs" or "guides") and set-top-boxes ("STBs") infringe numerous patents owned by the Defendants (collectively "Rovi").  However, Rovi and Comcast have a history of working together to develop IPGs for Comcast and have consistently agreed to litigate disputes implicating their software and patent licensing agreements exclusively in New York.

3.      In 2004, Comcast and Rovi formed a joint venture that became known as Guideworks for the express purpose of owning and developing IPGs for use by Comcast, among others.  In 2010, Comcast purchased Rovi's interest in the joint venture, and the parties entered into a number of licensing agreements.  Those agreements included, among others, a Cross-License Agreement (the "CLA") and an amended License and Distribution Agreement (the "LDA").

4.      Under the CLA, Rovi granted Comcast a perpetual software license to, among other things, use, distribute, sublicense and create derivative works of Rovi

1

Software and any derivative works of that software that had been made by or on behalf of Guideworks as of the transaction date.  The agreement clarified that any native IPG of Guideworks, or any other native IPG primarily based on any native IPG of Guideworks, that was created as of the transaction date is derived from Rovi Software and within the scope of the license.

5.      The CLA bars Rovi's patent infringement claims as to Comcast's Legacy Guides, which are derivative works of a native IPG of Guideworks.

6.      The CLA also contains a forum selection clause requiring that "any suit, action or proceeding . . . based on any matter arising out of or in connection with" the CLA or the transactions it contemplates, which includes the three Rovi Actions, be brought in New York.

7.      The CLA further includes a jury waiver provision pursuant to which the parties expressly disclaim any right to a jury trial "in any legal proceeding arising out of or relating to [the] Agreement or the transactions" contemplated therein.

8.      Under the LDA, Rovi granted an express license under Rovi's entire patent portfolio through March 31, 2016.  The LDA thus bars Rovi's claims of alleged infringement arising prior to that date.

9.      The LDA also contains a forum selection clause and a jury waiver provision.

10.      By filing the Rovi Actions, Defendants breached the CLA's and LDA's forum selection clauses.

11.      Comcast now brings the instant action to enforce its contractual rights and to establish its noninfringement of Rovi's patents.  It seeks, among other relief, (1) a

declaratory judgment that Rovi breached the mandatory forum selection clauses contained in the CLA and LDA by bringing the Rovi Actions in Texas and before the ITC and that those actions must be litigated exclusively in New York; (2) injunctive relief prohibiting Rovi from continuing to litigate the Rovi Actions and requiring Rovi to take all steps necessary to secure the termination of those actions; (3) a declaratory judgment that Comcast has not infringed and does not infringe the patents that are the subject of the Rovi Actions; and (4) declaratory judgments that Rovi's infringement claims are barred at least in part by express license, implied license, and patent exhaustion.

### THE PARTIES

12.     Plaintiff Comcast Corporation is a Pennsylvania corporation with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

13.     Plaintiff Comcast Cable Communications, LLC is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Plaintiff Comcast Cable Communications, LLC is an indirect subsidiary of Comcast Corporation.

14.     Plaintiff Comcast Cable Communications Management, LLC is a Delaware limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Plaintiff Comcast Cable Communications Management, LLC is an indirect subsidiary of Comcast Corporation.

15.     Plaintiff Comcast of Houston, LLC is a Delaware limited liability company with a principal place of business at 1701 John F. Kennedy Blvd., Philadelphia,

Pennsylvania 19103.  Plaintiff Comcast of Houston, LLC is an indirect subsidiary of Comcast Corporation.

16.     Plaintiff Comcast Business Communications, LLC is a Pennsylvania limited liability company with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Plaintiff Comcast Business Communications, LLC is an indirect subsidiary of Comcast Corporation.

17.     Plaintiff Comcast Holdings Corporation is a Pennsylvania corporation with a principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.  Plaintiff Comcast Holdings Corporation is a direct subsidiary of Comcast Corporation.

18.     Plaintiff Comcast Shared Services, LLC is a Delaware limited liability company with a principal place of business at 30 Rockefeller Plaza, New York, New York 10112.  Plaintiff Comcast Shared Services, LLC is an indirect subsidiary of Comcast Corporation.

19.     Plaintiff Comcast STB Software I, LLC ("Comcast STB") is a Delaware limited liability company with a principal place of business at 1201 N. Market Street, Suite 1000, Wilmington, Delaware 19801.  Plaintiff Comcast STB is a direct subsidiary of Comcast Corporation.

20.     Defendant Rovi Corporation is a Delaware corporation.  It asserts that its principal place of business is at 2 Circle Star Way, San Carlos, California 94070.

21.     Rovi Corporation's Chief Executive Officer and Chief Operating Officer are resident in Rovi Corporation's office in Radnor, Pennsylvania.

22.     Defendant Rovi Guides, Inc. ("Rovi Guides") is a Delaware corporation. It asserts that its principal place of business is at 2 Circle Star Way, San Carlos, California 94070.  On information and belief, Defendant Rovi Guides is a wholly owned direct or indirect subsidiary of Rovi Corporation.

23.     Defendant Rovi Technologies Corp. is a Delaware corporation.  It asserts that its principal place of business is at 2830 De La Cruz Blvd., Santa Clara, California 95050.  On information and belief, Defendant Rovi Technologies Corp. is a wholly owned direct or indirect subsidiary of Rovi Corporation.

24.     Defendant Veveo, Inc. is a Delaware corporation.  It asserts that its principal place of business is at 40 Shattuck Road, Suite 303, Andover, Massachusetts 01810.  On information and belief, Defendant Veveo, Inc. is a wholly owned direct or indirect subsidiary of Rovi Corporation.

## JURISDICTION AND VENUE

25.     Comcast brings claims for declaratory relief under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over this civil action arising under the Patent Act.

26.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the contract claims asserted in this action.  All claims asserted herein are based on a common nucleus of operative facts.

27.     This Court has personal jurisdiction over Defendants because they consented to this Court's jurisdiction in the CLA and LDA insofar as they are either

signatories to, or are otherwise bound by, the forum selection clauses in those agreements.

28.     This Court also has personal jurisdiction over Defendants because, on information and belief, Defendants have, and have had, continuous and systematic contacts with the State of New York, and have purposefully directed business activities at the State of New York.

29.     Venue in this judicial district is proper under 28 U.S.C. § 1391, and under the parties' agreements.

**FACTUAL ALLEGATIONS**

30.     Comcast's IPGs are electronic program guides that provide Comcast subscribers with listings and information and allow selective navigation and access to television programming and related functions and services.

31.     Comcast's IPGs are implemented using software run by Comcast's cable infrastructure and generally fall into two categories:  (1) Comcast's Legacy Guides (also referred to as "native guides"), which are implemented in software resident on certain of the STBs that Comcast has purchased from STB suppliers and leased to its subscribers, and (2) Comcast's next generation X1 IPG, which is implemented in software hosted by Comcast's computer servers in a network-based "cloud."

**Comcast's and Rovi's Relationship**

32.     In March 2004, affiliates of Comcast and Rovi (then called Gemstar-TV Guide International, Inc.) formed a joint venture for the express purpose of owning and developing IPGs for use by Comcast, among others.

33.     In connection with that joint venture, the parties intended and agreed that upon either party buying out the other parties' interest, Rovi would grant Comcast a perpetual license to the software Rovi contributed to the joint venture and any derivative works made by the joint venture.

34.     In 2010, Comcast and Rovi agreed that Comcast would purchase Rovi's interest in their joint venture.  Pursuant to a Master Agreement, Comcast purchased Rovi's interest in Guideworks, and the joint venture was subsequently unwound.

35.     As part of Comcast's purchase of Rovi's interest in Guideworks, Comcast STB and Rovi Guides entered into the CLA.  Under the CLA, Rovi Guides and its "Affiliates" granted to Comcast STB and its "Affiliates" a perpetual license to, among other things, use and create derivative works of Rovi Software and any derivative works of that software that had been made by or on behalf of Guideworks as of the transaction date.  The agreement clarified that any native IPG of Guideworks, or any other native IPG primarily based on any native IPG of Guideworks, that was created as of the transaction date is derived from Rovi Software and within the scope of the license.

36.     Based upon the CLA's definition of "Affiliates," all of the Comcast Plaintiffs are Affiliates of Comcast STB, and all of the Defendants are Affiliates of Rovi Guides.

37.     The CLA contains a mandatory forum selection clause providing that "any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought" in New York.

38.     The CLA further provides that "each of the Parties . . . irrevocably consents to the jurisdiction of [New York] courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by Applicable Law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum."

39.     The CLA also includes a choice of law provision identifying New York law as the governing law "without regard to conflicts of laws principles."

40.     The CLA also includes a jury waiver provision by which the parties expressly disclaim any right to a jury trial "in any legal proceeding arising out of or relating to [the] agreement or the transactions" contemplated therein.

41.     Along with the CLA, Comcast STB and Rovi Guides entered into the LDA, in which Rovi Guides and its Affiliates granted Comcast and its Affiliates an express license under Rovi's patent portfolio through March 31, 2016.

42.     The LDA also includes a mandatory forum selection clause, as well as provisions providing consent to jurisdiction in New York, identifying New York law as the law that governs, and waiving any right to a jury.

**The Rovi Actions**

43.     On April 1, 2016, Defendants Rovi Guides, Rovi Technologies Corp., and Veveo, Inc. filed Eastern District of Texas Case No. 2:16-cv-321 (the "321 Action") against the Comcast Plaintiffs (other than Comcast STB) and certain of Comcast's STB suppliers (the "STB Suppliers"), alleging that Comcast and the STB Suppliers infringe 8

8

Rovi patents. In particular, the 321 Action asserts claims based on alleged infringement of "at least" claim 17 of U.S. Patent No. 8,713,595 (the "'595 Patent"), claim 10 of U.S. Patent No. 8,755,666 (the "'666 Patent"), claim 16 of U.S. Patent No. 7,996,864 (the "'864 Patent"), claim 9 of U.S. Patent No. 9,172,987 (the "'987 Patent"), claims 19 and 22 of U.S. Patent No. 7,895,218 (the "'218 Patent"), claim 16 of U.S. Patent No. 8,122,034 (the "'034 Patent"), claim 15 of U.S. Patent No. 8,433,696 (the "'696 Patent"), and claim 1 of the U.S. Patent No. 6,725,281 (the "'281 Patent"). The Complaint was amended on April 25, 2016 to add additional allegations, but no new patents.

44.     Also on April 1, 2016, Defendant Rovi Guides filed another action, Eastern District of Texas Case No. 2:16-cv-322 (the "322 Action"), against the Comcast Plaintiffs (other than Comcast STB) and the STB Suppliers, alleging that Comcast and the STB Suppliers infringe "at least" claim 14 of U.S. Patent No. 8,006263 (the "'263 Patent"), claim 1 of U.S. Patent No. 8,578,413 (the "'413 Patent"), claim 51 of U.S. Patent No. 8,046,801 (the "'801 Patent"), claim 13 of U.S. Patent No. 8,621,512 (the "'512 Patent"), claim 11 of U.S. Patent No. 8,768,147 (the "'147 Patent"), claim 12 of the U.S. Patent No. 8,566,871 (the "'871 Patent"). On April 25, 2016, Rovi Guides filed an Amended Complaint in the 322 Action adding allegations that the Comcast Plaintiffs (other than Comcast STB) and the STB Suppliers infringe "at least" claim 2 of U.S. Patent No. 6,418,556 (the "'556 Patent").

45.     On April 6, 2016, Defendants Rovi Corporation and Rovi Guides filed a complaint with the ITC requesting that the ITC institute an investigation pursuant to section 337 of the Tariff Act, 19 U.S.C. § 1337, which was subsequently amended to add the '556 Patent on April 25, 2016 (the "ITC Action"). In the ITC Action, Rovi

Corporation and Rovi Guides allege that the Comcast Plaintiffs (except Comcast of

Houston, LLC and Comcast STB) infringe claims 1-2, 5-6, 8-9, 11-12, 14-15, and 17-18

of the '263 Patent; claims 1, 3, 5-10, 12, and 14-18 of the '413 Patent; claims 1-54 of the

'801 Patent; claims 1-4, 8-16, and 20-24 of the '512 Patent; claims 1, 5-6, 8, 10-11, 15-

16, 18, and 20-24 of the '147 Patent; claims 1-2, 6-13, 17-24, and 28-33 of the '871

Patent; and claims 2-4, 7, 10-14, 16, 18-22, 24, 26, 28, 30, 33, 35-36, and 39-40 of the

'556 Patent.

46.     Rovi alleges that Comcast's IPG Products (alone and/or as implemented

on various digital receivers) infringe at least one claim of each of the patents asserted in

the Rovi Actions (collectively, the "Asserted Patents").

47.     Each complaint describes the "Accused Products" as including STBs and

associated IPG software.  All three Rovi Actions accuse two categories of STBs and their

associated IPG software, distinguishing only between STBs that include digital video

recorder ("DVR") functionality and those that do not.  Specifically, the complaints

identify, by STB model name and number, 30 alleged "Accused DVR Products" and 27

alleged "Accused Non-DVR Products."

48.     Of the 57 STBs included in the Accused DVR and Accused Non-DVR

Products categories identified in Rovi's Complaints, 35 exclusively support Comcast's

Legacy Guides.  Other identified STBs are used by Comcast subscribers in association

with Comcast's X1 IPG.

49.     Each of the Rovi Actions asserts that Comcast's Legacy Guides infringe

Rovi's patents.  For example, in the 321 and 322 Actions, Rovi identifies Comcast STBs

that run only Comcast's Legacy Guides as "Accused Products," and alleges that "one or more" of them infringe each and every one of the patents that Rovi asserts.

50.     In the ITC Action, Rovi repeatedly alleges that the software implementing the "Comcast Legacy" guide is an accused component and alleges that such software has no substantial noninfringing uses.  Rovi also specifically identifies a Legacy Guide in an exemplary chart purporting to apply one of its patents to an accused STB.

51.     Rovi further claims that Comcast "ignored Rovi's patent rights even during the period Comcast has been a Rovi licensee" under the LDA.  For example, Rovi alleges "on information and belief" that Comcast licensed or sold its X1 IPG to other cable companies and that "Comcast's License did not include the right" for Comcast to do so.  Rovi also directs numerous allegations to Comcast's development prior to March 31, 2016 of the platform upon which Rovi asserts that the X1 IPG is built.

52.     In addition, Rovi alleges that the STB Suppliers infringed Rovi's patents through their provision of STBs to Comcast for use by or with Comcast's services.

53.     The Rovi Actions against Comcast and the STB Suppliers breach the CLA and the LDA, both of which require the actions to have been brought in New York. Rovi has further disregarded the terms of the CLA and LDA by demanding trial by jury in each of the 321 and 322 Actions.

## CAUSES OF ACTION

### COUNT I

DECLARATORY JUDGMENT BASED ON
BREACH OF THE CLA FORUM SELECTION CLAUSE

54.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

55.     Comcast is entitled to a declaratory judgment that the Rovi Actions breached the forum selection clause of the CLA and must be litigated in New York.

56.     In the CLA, Rovi agreed that it would litigate in New York "any suit, action or proceeding . . . based on any matter arising out of or in connection with" the CLA or any transactions contemplated by the CLA.

57.     Each of the Rovi Actions is based on matters "arising out of or in connection with" the CLA, including by virtue of Comcast's defenses based on the CLA.

58.     Rovi breached its contractual obligations under the CLA by commencing the Rovi Actions outside of New York.

59.     Because Defendants commenced the Rovi Actions outside of New York and Comcast contends that such actions constitute a breach of the CLA forum selection clause, there is a substantial, justiciable controversy between Comcast and Defendants sufficient to warrant a declaratory judgment of their respective rights and duties.

60.     In view of the Rovi Actions, there is a threat of actual and imminent injury to Comcast that can be redressed by judicial relief and that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment.  Such injury includes, among other things, the immediate risk that Comcast will be deprived of its bargained-for litigation forum and forced to litigate three separate actions based on the same underlying conduct at the same time.

61.     Absent the requested declaration, Defendants will continue to wrongfully assert Rovi's patents against Comcast's products and services, and deprive Comcast of its bargained-for forum, causing Comcast irreparable injury and damage.

## COUNT II

DECLARATORY JUDGMENT BASED ON
BREACH OF THE LDA FORUM SELECTION CLAUSE

62.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

63.     Comcast is entitled to a declaratory judgment that the Rovi Actions

breached the forum selection clause of the LDA and must be litigated in New York.

64.      Rovi breached its contractual obligations under the LDA by commencing

the Rovi Actions outside of New York.

65.     Because Defendants commenced the Rovi Actions outside of New York

and Comcast contends that such actions constitute a breach of the LDA forum selection

clause, there is a substantial, justiciable controversy between Comcast and Defendants

sufficient to warrant a declaratory judgment of their respective rights and duties.

66.     In view of the Rovi Actions, there is a threat of actual and imminent injury

to Comcast that can be redressed by judicial relief and that injury is sufficiently

immediate and real to warrant the issuance of a declaratory judgment.  Such injury

includes, among other things, the immediate risk that Comcast will be deprived of its

bargained-for litigation forum and forced to litigate three separate actions based on the

same underlying conduct at the same time.

67.     Absent the requested declaration, Defendants will continue to wrongfully

assert Rovi's alleged patents against Comcast's products and services, and deprive

Comcast of its bargained-for forum, causing Comcast irreparable injury and damage.

## COUNT III

INJUNCTIVE RELIEF BASED ON
BREACH OF THE CLA AND LDA FORUM SELECTION CLAUSES

68.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

69.     Rovi breached its contractual obligations under the CLA and the LDA by commencing the Rovi Actions outside of New York.

70.     Plaintiffs are entitled to preliminary and permanent injunctive relief prohibiting Rovi from any continued prosecution of the Rovi Actions and further requiring Rovi to take all steps necessary to secure the termination of those actions.

71.     Comcast is likely to succeed on the merits in demonstrating that Rovi breached the CLA and the LDA.

72.     Unless Rovi is preliminarily and permanently enjoined from continued prosecution of the Rovi Actions, Comcast will suffer immediate and irreparable harm because, among other things, it will be deprived of its bargained-for litigation forum and forced to litigate three separate actions based on the same underlying conduct at the same time.

73.     Comcast does not have an adequate remedy at law.  Without equitable relief, Comcast will still be required to defend itself in the Rovi Actions in jurisdictions other than New York.

74.     The balance of hardships favors Comcast.  Rovi will not be harmed by the injunction because this Court can award the same relief requested in the Rovi Actions.

75.     The public interest is served by enforcing the forum selection clause agreed to by the parties.

## COUNT IV

BREACH OF CONTRACT
BASED ON THE CLA FORUM SELECTION CLAUSE

76.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

77.     Rovi breached the CLA by commencing the Rovi Actions outside of New

York.

78.     Comcast has sustained damages as a result of Rovi's breach of the CLA

and is entitled to compensatory and consequential damages in an amount to be proven at

trial, as well as pre- and post-judgment interest, attorneys' fees and costs.

## COUNT V

BREACH OF CONTRACT
BASED ON THE LDA FORUM SELECTION CLAUSE

79.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

80.     Rovi breached the LDA by commencing the Rovi Actions outside of New

York.

81.     Comcast has sustained damages as a result of Rovi's breach of the LDA

and is entitled to compensatory and consequential damages in an amount to be proven at

trial, as well as pre- and post-judgment interest, attorneys' fees and costs.

## COUNT VI

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,713,595

82.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

83.     The '595 Patent is titled "Interactive Program Guide Systems And Processes."  The '595 Patent states that it was issued to Thomas R. Lemmons of Sand Springs, OK; Donald W. Allison of Tulsa, OK; Jerry D. Henshaw of Tulsa, OK; and Connie T. Marshall of Muskogee, OK.  A true and correct copy of the '595 Patent is attached as Exhibit 1.

84.     The original assignee of the '595 Patent identified on the patent's face is United Video Properties, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '595 Patent.

85.     Comcast has not infringed and does not infringe any claim of the '595 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 321 Action.  Rovi has alleged that Comcast infringes claim 17 of the '595 Patent.  However, for example and without limitation, the Accused DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitation of "a set-top box includ[ing] two tuners, one each for said video recorder and said display device."

86.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '595 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '595 Patent.

## COUNT VII

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,755,666

87.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

88.     The '666 Patent is titled "Interactive Television Program Guide With

Remote Access."  The '666 Patent states that it was issued to Michael D. Ellis of

Boulder, CO; William L. Thomas of Evergreen, CO; Joel G. Hassell of Arvada, CO;

Thomas R. Lemmons of Sand Springs, OK; David M. Berezowski of Tulsa, OK; Robert

A. Knee of Lansdale, PA; and Robert H. McCoy of Broken Arrow, OK.  A true and

correct copy of the '666 Patent is attached as Exhibit 2.

89.     The original assignee of the '666 Patent identified on the patent's face is

United Video Properties, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current

owner by assignment of all right, title, and interest in the '666 Patent.

90.     Comcast has not infringed and does not infringe any claim of the '666

Patent, either directly or indirectly, literally or under the doctrine of equivalents,

including by providing, making, using, offering for sale or selling the Accused DVR

Products accused of infringement in the 321 Action.  Rovi has alleged that Comcast

infringes claim 10 of the '666 Patent.  However, for example and without limitation, the

Accused DVR Products, including those used in association with the Comcast X1 Guides

and those using Comcast's Legacy Guide, do not meet at least the properly construed

limitation of "transmitting the electrical signal to the local interactive program guide over

the Internet communications path, wherein the first sequence of video frames

corresponding to the selected identifier of content is stored, responsive to processing the

17

electrical signal at the local interactive program guide, using the local interactive program guide equipment."

91.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '666 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '666 Patent.

## COUNT VIII

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 7,996,864

92.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

93.     The '864 Patent is titled "Method And Apparatus For Displaying Television Programs And Related Text."  The '864 Patent states that it was issued to Henry C. Yuen of Redondo Beach, CA; Daniel S. Kwoh of La Canada/Flintridge, CA; Roy J. Mankovitz of Encino, CA; and Elsie Leung of South Pasadena, CA.  A true and correct copy of the '864 Patent is attached as Exhibit 3.

94.     The original assignee of the '864 Patent identified on the patent's face is Gemstar Development Corporation of Los Angeles, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '864 Patent.

95.     Comcast has not infringed and does not infringe any claim of the '864 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR and Accused Non-DVR Products accused of infringement in the 321 Action.  Rovi has

alleged that Comcast infringes claim 16 of the '864 Patent.  However, for example and without limitation the Accused DVR and Accused Non-DVR Products used in association with the Comcast X1 Guides do not meet at least the properly construed limitation of "a currently broadcast television program received by the tuner in a second nonoverlapping area of the screen and a detailed program description of the currently broadcast television program displayed in the second area of the screen in a third nonoverlapping area of the screen."

96.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '864 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '864 Patent.

## COUNT IX

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 9,172,987

97.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

98.     The '987 Patent is titled "Methods And Systems For Updating Functionality Of A Set-Top Box Using Markup Language."  The '987 Patent states that it was issued to Thomas R. Lemmons of Sand Springs, OK; and Jon C. Zaring of Tulsa, OK.  A true and correct copy of the '987 Patent is attached as Exhibit 4.

99.     The original assignee of the '987 Patent identified on the patent's face is Rovi Guides of Santa Clara, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '987 Patent.

100.   Comcast has not infringed and does not infringe any claim of the '987 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR and Accused Non-DVR Products accused of infringement in the 321 Action.  Rovi has alleged that Comcast infringes claim 9 of the '987 Patent.  However, for example and without limitation, the Accused DVR and Accused Non-DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitation of "updat[ing] the set-top box based on the markup language document such that the display item has the second program function."

101.   As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '987 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '987 Patent.

## COUNT X

### DECLARATORY JUDGMENT
### OF NONINFRINGEMENT OF
### U.S. PATENT NO. 7,895,218

102.   Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

103.   The '218 Patent is titled "Method And System For Performing Searches For Television Content Using Reduced Text Input."  The '218 Patent states that it was issued to Sashikumar Venkataraman of Bangalore, India; Rakesh D. Barve of Bangalore, India; Pranav Rajanala of Koppal, India; Rahul Agrawal of Bhopal, India; Murali

Aravamudan of Windham, NH; and Ajit Rajasekharan of West Windsor, NJ.  A true and correct copy of the '218 Patent is attached as Exhibit 5.

104.    The original assignee of the '218 Patent identified on the patent's face is Veveo, Inc. of Andover, MA.  Veveo, Inc. claims to be the current owner by assignment of all right, title, and interest in the '218 Patent.

105.    Comcast has not infringed and does not infringe any claim of the '218 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR and Accused Non-DVR Products accused of infringement in the 321 Action.  Rovi has alleged that Comcast infringes claims 19 and 22 of the '218 Patent.  However, for example and without limitation, the Accused DVR and Accused Non-DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitation of "a plurality of subsets of television content items, each subset being ranked and associated with corresponding strings of one or more descriptive prefix strings based on an ordering criteria."

106.    As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '218 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '218 Patent.

## COUNT XI

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,122,034

107.    Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

108.    The '034 Patent is titled "Method And System For Incremental Search

With Reduced Text Entry Where The Relevance Of Results Is A Dynamically Computed

Function Of User Input Search String Character Count."  The '034 Patent states that it

was issued to Murali Aravamudan of Windham, NH; Rakesh D. Barve of Bangalore,

India; Sashikumar Venkataraman of Bangalore, India; and Ajit Rajasekharan of West

Windsor, NJ.  A true and correct copy of the '034 Patent is attached as Exhibit 6.

109.    The original assignee of the '034 Patent identified on the patent's face is

Veveo, Inc. of Andover, MA.  Veveo, Inc. claims to be the current owner by assignment

of all right, title, and interest in the '034 Patent.

110.    Comcast has not infringed and does not infringe any claim of the '034

Patent, either directly or indirectly, literally or under the doctrine of equivalents,

including by providing, making, using, offering for sale or selling the Accused DVR and

Accused Non-DVR Products accused of infringement in the 321 Action.  Rovi has

alleged that Comcast infringes claim 16 of the '034 Patent.  However, for example and

without limitation, the Accused DVR and Accused Non-DVR Products, including those

used in association with the Comcast X1 Guides and those using Comcast's Legacy

Guide, do not meet at least the properly construed limitation of "the relevance values of

the terms associated with the items being adjusted in response to the count of the number

of text characters received from the user."

111.    As set forth above, an actual controversy exists between Comcast and

Rovi with respect to infringement of the '034 Patent and this controversy is likely to

continue.  Accordingly, Comcast desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '034 Patent.

### COUNT XII

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,433,696

112.    Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

113.    The '696 Patent is titled "Method And System For Processing Ambiguous,

Multiterm Search Queries."  The '696 Patent states that it was issued to Sashikumar

Venkataraman of Andover, MA; Rakesh Barve of Bangalore, India; Pankaj Garg of

Patiala, India; Pranav Rajanala of Bangalore, India; Murali Aravamudan of Windham,

NH; and Ajit Rajasekharan of West Windsor, NJ.  A true and correct copy of the '696

Patent is attached as Exhibit 7.

114.    The original assignee of the '696 Patent identified on the patent's face is

Veveo, Inc. of Andover, MA.  Veveo, Inc. claims to be the current owner by assignment

of all right, title, and interest in the '696 Patent.

115.    Comcast has not infringed and does not infringe any claim of the '696

Patent, either directly or indirectly, literally or under the doctrine of equivalents,

including by providing, making, using, offering for sale or selling the Accused DVR and

Accused Non-DVR Products accused of infringement in the 321 Action.  Rovi has

alleged that Comcast infringes claim 15 of the '696 Patent.  However, for example and

without limitation, the Accused DVR and Accused Non-DVR Products, including those

used in association with the Comcast X1 Guides and those using Comcast's Legacy

Guide, do not meet at least the properly construed limitation of (1) "associating subsets of

content items with corresponding strings of one or more overloaded keys of a keypad so

that the subsets of content items are directly mapped to the corresponding strings of one

or more overloaded keys by a direct mapping."

116.    As set forth above, an actual controversy exists between Comcast and

Rovi with respect to infringement of the '696 Patent and this controversy is likely to

continue.  Accordingly, Comcast desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '696 Patent.

## COUNT XIII

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 6,725,281

117.    Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

118.    The '281 Patent is titled "Synchronization Of Controlled Device State

Using State Table And Eventing In Data-Driven Remote Device Control Model."  The

'281 Patent states that it was issued to William Michael Zintel of Kenmore, WA; Brian S.

Christian of Redmond, WA; and Bradford A. Christian of Kirkland, WA.  A true and

correct copy of the '281 Patent is attached as Exhibit 8.

119.     The original assignee of the '281 Patent identified on the patent's face is Microsoft Corporation of Redmond, WA.  Rovi Technologies Corp. claims to be the current owner by assignment of all right, title, and interest in the '281 Patent.

120.     Comcast has not infringed and does not infringe any claim of the '281 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 321 Action.  Rovi has alleged that Comcast infringes claim 1 of the '281 Patent.  However, for example and without limitation, the Accused DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitation of "an event source module in the controlled computing device operating according to an eventing model to distribute [] change notifications to any subscribing user controller device."

121.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '281 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '281 Patent.

## COUNT XIV

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,006,263

122.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

123.    The '263 Patent is titled "Interactive Television Program Guide With Remote Access."  The '263 Patent states that it was issued to Michael D. Ellis of Boulder, CO; William L. Thomas of Bixby, OK; Joel G. Hassell of Arvada, CO; Thomas R. Lemmons, of Sand Springs, OK; David M. Berezowski of Tulsa, OK; Robert A. Knee of Lansdale, PA; and Robert H. McCoy of Broken Arrow, OK.  A true and correct copy of the '263 Patent is attached as Exhibit 9.

124.    The original assignee of the '263 Patent identified on the patent's face is United Video Properties, Inc. of Tulsa, OK.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '263 Patent.

125.    Comcast has not infringed and does not infringe any claim of the '263 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 322 and ITC Actions.  Rovi has alleged that Comcast infringes claims 1-2, 5-6, 8-9, 11-12, 14-15, and 17-18 of the '263 Patent. However, for example and without limitation, the Accused DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitations of (1) "transmit[ting] a communication identifying the television program corresponding to the selected program listing from the remote access interactive television program guide to the local interactive television program guide over the Internet communications path;" and/or (2) "receiv[ing] a communication from a remote access interactive television program guide implemented on a remote interactive television program guide access device located outside the user's home to the local guide over the Internet communications path."

126.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '263 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '263 Patent.

## COUNT XV

### DECLARATORY JUDGMENT
### OF NONINFRINGEMENT OF
### U.S. PATENT NO. 8,578,413

127.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

128.     The '413 Patent is titled "Interactive Television Program Guide With Remote Access."  The '413 Patent states that it was issued to Michael D. Ellis of Boulder, CO; William L. Thomas of Bixby, OK; Joel G. Hassell of Arvada, CO; Thomas R. Lemmons, of Sand Springs, OK; David M. Berezowski of Tulsa, OK; Robert A. Knee of Lansdale, PA; and Robert H. McCoy of Broken Arrow, OK.  A true and correct copy of the '413 Patent is attached as Exhibit 10.

129.     The original assignee of the '413 Patent identified on the patent's face is United Video Properties, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '413 Patent.

130.     Comcast has not infringed and does not infringe any claim of the '413 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 322 and ITC actions.  Rovi has alleged that Comcast infringes claims 1, 3, 5-10, 12, and 14-18 of the '413 Patent.  However, for example and without limitation, the Accused DVR Products, including those used in

association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitations of (1) "transmit[ting], to the local interactive television program guide over the Internet communications path, a communication identifying the television program for recording;" and/or (2) "transmit[ting] a communication, identifying the television program for recording corresponding to the television program listing selected by the user with the remote access interactive television program guide, to the local interactive television program guide over the Internet communications path."

131.    As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '413 Patent and this controversy is likely to continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '413 Patent.

## COUNT XVI

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,046,801

132.    Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

133.    The '801 Patent is titled "Interactive Television Program Guide With Remote Access."  The '801 Patent states that it was issued to Michael D. Ellis of Boulder, CO; William L. Thomas of Bixby, OK; Joel G. Hassell of Arvada, CO; Thomas R. Lemmons, of Sand Springs, OK; David M. Berezowski of Tulsa, OK; Robert A. Knee of Lansdale, PA; and Robert H. McCoy of Broken Arrow, OK.  A true and correct copy of the '801 Patent is attached as Exhibit 11.

134.     The original assignee of the '801 Patent identified on the patent's face is United Video Properties, Inc. of Tulsa, OK.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '801 Patent.

135.     Comcast has not infringed and does not infringe any claim of the '801 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 322 and ITC Actions.  Rovi has alleged that Comcast infringes claims 1-54 of the '801 Patent.  However, for example and without limitation, the Accused DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitations of (1) "transmitting, with the remote guide, a communication to the local guide identifying the program corresponding to the selected program listing;" (2) "a remote guide . . . that . . . transmits a communication to the local guide identifying the program corresponding to the selected program listing;" (3) "a remote guide . . . that . . . transmits a communication . . . to the local guide indicating the selection of the program for recording;" (4) "receiving a communication . . . from a remote guide, accessible by a user of a remote device, at the local guide identifying a program;" and/or (5) "a local guide . . . that . . . receives a communication . . . from a remote guide, accessible by a user of a remote device, at the local guide identifying a program."

136.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '801 Patent and this controversy is likely to

continue.  Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '801 Patent.

### COUNT XVII

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,621,512

137.    Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

138.    The '512 Patent is titled "Interactive Television Program Guide With Simultaneous Watch And Record Capabilities."  The '512 Patent states that it was issued to Michael D. Ellis of Boulder, CO; Thomas R. Lemmons of Sand Springs, OK; Connie T. Marshall of Muskogee, OK; and Donald W. Allison of Tulsa, OK.  A true and correct copy of the '512 Patent is attached as Exhibit 12.

139.    The original assignee of the '512 Patent identified on the patent's face is United Video Properties, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '512 Patent.

140.    Comcast has not infringed and does not infringe any claim of the '512 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR and Accused Non-DVR Products accused of infringement in the 322 and ITC Actions.  Rovi has alleged that Comcast infringes claims 1-4, 8-16, and 20-24 of the '512 Patent. However, for example and without limitation, the Accused DVR and Accused Non-DVR Products, including those used in association with the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least the properly construed limitation of

"display[ing] an alert that provides a user with an opportunity to direct the interactive television program guide to cancel a function of the second tuner."

141.   As set forth above, an actual controversy exists between Comcast and Rovi with respect to infringement of the '512 Patent and this controversy is likely to continue.   Accordingly, Comcast desires a judicial determination and declaration of the respective rights and duties of the parties with respect to the '512 Patent.

**COUNT XVIII**

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 8,768,147

142.   Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

143.   The '147 Patent is titled "Systems And Methods For Interactive Program Guides With Personal Video Recording Features."  The '147 Patent states that it was issued to Michael D. Ellis of Boulder, CO; Danny R. Gaydou of Tulsa, OK; Scott Reichardt of Tulsa, OK; Joseph P. Baumgartner of Tulsa, OK; and William L. Thomas of Bixby, OK.  A true and correct copy of the '147 Patent is attached as Exhibit 13.

144.   The original assignee of the '147 Patent identified on the patent's face is United Video Properties, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current owner by assignment of all right, title, and interest in the '147 Patent.

145.   Comcast has not infringed and does not infringe any claim of the '147 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including by providing, making, using, offering for sale or selling the Accused DVR Products accused of infringement in the 322 and ITC Actions.  Rovi has alleged that

Comcast infringes claims 1, 5-6, 8, 10-11, 15-16, 18, and 20-24 of the '147 Patent.
However, for example and without limitation, the Accused DVR Products, including
those using the Comcast X1 Guides and those used in association with Comcast's Legacy
Guide, do not meet at least the properly construed limitations of (1) "the buffering of the
first program and the buffering of the second program occur in parallel;" and/or (2) a
"buffer on the storage device . . . wherein [a] first program and second program are
buffered in parallel."

146.    As set forth above, an actual controversy exists between Comcast and
Rovi with respect to infringement of the '147 Patent and this controversy is likely to
continue.  Accordingly, Comcast desires a judicial determination and declaration of the
respective rights and duties of the parties with respect to the '147 Patent.

## COUNT XIX

### DECLARATORY JUDGMENT
### OF NONINFRINGEMENT OF
### U.S. PATENT NO. 8,566,871

147.    Comcast realleges, adopts and incorporates by reference the allegations
contained in the foregoing paragraphs as if fully set forth herein.

148.    The '871 Patent is titled "Multiple Interactive Electronic Program Guide
System And Methods."  The '871 Patent states that it was issued to James H. Knowles of
San Jose, CA; Kenneth D. Johnson of Alameda, CA; and Gordon Chang of San Jose, CA.
A true and correct copy of the '871 Patent is attached as Exhibit 14.

149.    The original assignee of the '871 Patent identified on the patent's face is
Starsight Telecast, Inc. of Santa Clara, CA.  Rovi Guides claims to be the current owner
by assignment of all right, title, and interest in the '871 Patent.

150.    Comcast has not infringed and does not infringe any claim of the '871

Patent, either directly or indirectly, literally or under the doctrine of equivalents,

including by providing, making, using, offering for sale or selling the Accused DVR and

Accused Non-DVR Products accused of infringement in the 322 and ITC Actions.  Rovi

has alleged that Comcast infringes claims 1-2, 6-13, 17-24, and 28-33 of the '871 Patent.

However, for example and without limitation, the Accused DVR and Accused Non-DVR

Products, including those used in association with the Comcast X1 Guides and those

using Comcast's Legacy Guide, do not meet at least the properly construed limitation of

"receiv[ing], from the second interactive electronic program guide, a second event of a

second type."

151.    As set forth above, an actual controversy exists between Comcast and

Rovi with respect to infringement of the '871 Patent and this controversy is likely to

continue.  Accordingly, Comcast desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '871 Patent.

## COUNT XX

DECLARATORY JUDGMENT
OF NONINFRINGEMENT OF
U.S. PATENT NO. 6,418,556

152.    Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

153.    The '556 Patent is titled "Electronic Television Program Guide Schedule

System And Method."  The '556 Patent states that it was issued to Gerard E. Bennington

of Englewood, CO; George Backer of Highlands Ranch, CO; Shawn Green of Littleton,

CO; Bill Cooper of Littleton, CO; Dave Spell of Denver, CO; Rosetta Rogers of Aurora,

CO; and Bruce Davis of Greenwood Village, CO.  A true and correct copy of the '556

Patent is attached as Exhibit 15.

154.    The original assignee of the '556 Patent identified on the patent's face is

United Video Properties, Inc. of Tulsa, OK.   Rovi Guides claims to be the current owner

by assignment of all right, title, and interest in the '556 Patent.

155.    Comcast has not infringed and does not infringe any claim of the '556

Patent, either directly or indirectly, literally or under the doctrine of equivalents,

including by providing, making, using, offering for sale or selling the Accused DVR and

Accused Non-DVR Products accused of infringement in the 322 and ITC Actions.  Rovi

has alleged that Comcast infringes claims 2-4, 7, 10-14, 16, 18-22, 24, 26, 28, 30, 33, 35-

36, and 39-40 of the '556 Patent.  However, for example and without limitation, the

Accused DVR and Accused Non-DVR Products, including those used in association with

the Comcast X1 Guides and those using Comcast's Legacy Guide, do not meet at least

the properly construed limitations of (1) "a video display generator . . . for displaying

interactively-selected successive portions of said schedule information . . . in overlaying

relationship with another display signal;" (2) a "video display generator . . . to display

each said portion of program schedule information, in partial overlaying relationship with

said currently appearing display signal;" (3) "a program schedule display generator . . .

for displaying, in a partial overlay on said display signal, user-selected portions of said

schedule information;" (4) a "program schedule display generator . . . for displaying

program schedule information in a browse mode of operation . . . [and] displaying said

selected program schedule information in a partial overlay on said currently appearing

display signal;" (5) "a program schedule display generator . . . for displaying, in a partial

overlay on a portion of said display signal, interactively-selected successive portions of

said schedule information;" (6) "an event schedule display generator . . . for displaying,

in a partial overlay on said display signal, user-selected portions of said schedule

information;" (7) "a video display generator . . . for displaying interactively-selected

successive portions of said program schedule information for a set of channels;" and/or

(8) "a program schedule display generator . . . for displaying, simultaneously with said

display signal, user-selected portions of said schedule information."

156.     As set forth above, an actual controversy exists between Comcast and

Rovi with respect to infringement of the '556 Patent and this controversy is likely to

continue.  Accordingly, Comcast desires a judicial determination and declaration of the

respective rights and duties of the parties with respect to the '556 Patent.

## COUNT XXI

DECLARATORY JUDGMENT
OF IMPLIED LICENSE BY LEGAL ESTOPPEL

157.     Comcast realleges, adopts and incorporates by reference the allegations

contained in the foregoing paragraphs as if fully set forth herein.

158.     Rovi Guides and Comcast STB entered into the CLA, which granted

Comcast, among other things, a perpetual license to reproduce, create derivative works

of, distribute, use, perform, display and sublicense software contributed by Rovi to

Guideworks, any derivative works of such software made by or on behalf of Guideworks,

and any native IPG of Guideworks or that is primarily based on any native IPG of

Guideworks that was created as of the CLA's transaction date.

159.     Comcast Legacy Guides are derivative works of a native IPG of

Guideworks created as of the CLA's transaction date.

160.    Rovi is legally estopped from asserting patent infringement against Comcast or its suppliers based on software and/or IPGs covered by that perpetual license, including Comcast's Legacy Guides and related STBs, and Comcast has an implied license with respect to each such asserted patent.

161.    As set forth above, an actual controversy exists between Comcast and Rovi with respect to whether Rovi is legally estopped from asserting its patents against Comcast's Legacy Guides and related STBs.

162.    In view of the Rovi Actions, there is a threat of actual and imminent injury to Comcast that can be redressed by judicial relief and that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment.  Absent the requested declaration, Defendants will continue to wrongfully assert Rovi's patents against Comcast's Legacy Guides, causing Comcast irreparable injury and damage.

## COUNT XXII

### DECLARATORY JUDGMENT
### OF PATENT EXHAUSTION

163.    Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

164.    Rovi Guides and Comcast STB entered into the CLA, which granted Comcast, among other things, a perpetual license to reproduce, create derivative works of, distribute, use, perform, display and sublicense software contributed by Rovi to Guideworks, any derivative works of such software made by or on behalf of Guideworks, and any native IPG of Guideworks or that is primarily based on any native IPG of Guideworks that was created as of the CLA's transaction date.

165.     Rovi provided that license in return for valuable consideration from Comcast.

166.     Comcast Legacy Guides are derivative works of a native IPG of Guideworks created as of the CLA's transaction date.

167.     Rovi asserts that Comcast's Legacy Guides substantially embody the patent claims it asserts in the Rovi Actions.

168.     Consequently, Rovi's infringement claims against the software and/or IPGs covered by the CLA's perpetual license, including Comcast's Legacy Guides and related STBs, are barred under the doctrine of patent exhaustion.

169.     As set forth above, an actual controversy exists between Comcast and Rovi with respect to whether Rovi is barred from asserting its patents against Comcast's Legacy Guides and related STBs under the doctrine of patent exhaustion.

170.     In view of the Rovi Actions, there is a threat of actual and imminent injury to Comcast that can be redressed by judicial relief and that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment.  Absent the requested declaration, Defendants will continue to wrongfully assert Rovi's patents against Comcast's Legacy Guides, causing Comcast irreparable injury and damage.

## COUNT XXIII

DECLARATORY JUDGMENT
OF EXPRESS LICENSE AND RELEASE

171.     Comcast realleges, adopts and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

172.     Comcast STB and Rovi Guides entered into the LDA, which granted to Comcast, among other things, a fully paid-up right and license to Rovi's patents for the

period from March 31, 2004 to March 31, 2016.  Further, Rovi released any claims against any supplier to Comcast related to the supplier's manufacture, use, sale, offer for sale, lease, offer for lease, importation, distribution or other commercialization of any products, services or IPGs for or deployed on Comcast's licensed platforms during that period.

173.    Consequently, Comcast had an express or implied license to Rovi's patents for the period prior to March 31, 2016, and Rovi has released the STB Suppliers from its claims arising before that date.

174.    As set forth above, an actual controversy exists between Comcast and Rovi with respect to whether Rovi is barred from asserting its patents against Comcast and the STB Suppliers for activities prior to March 31, 2016.

175.    In view of the Rovi Actions, there is a threat of actual and imminent injury to Comcast that can be redressed by judicial relief and that injury is sufficiently immediate and real to warrant the issuance of a declaratory judgment. Absent the requested declaration, Defendants will continue to wrongfully assert Rovi's patents against Comcast and the STB Suppliers for activities conducted prior to March 31, 2016, causing Comcast irreparable injury and damage.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Comcast prays that judgment be entered in its favor and prays for:

a)    A judgment and declaration that Rovi breached the CLA and the LDA by bringing the Rovi Actions in the Eastern District of Texas and before the ITC and that those actions must be litigated exclusively in New York;

b)      Orders granting preliminary and permanent injunctive relief

(1) prohibiting Defendants from maintaining or taking any steps in furtherance of

continued prosecution of any of the Rovi Actions and (2) requiring Defendants to take all

steps necessary to secure the termination of those actions;

c)      A judgment and declaration that Comcast has not infringed and does not

infringe any claim of the patents that are the subject of the Rovi Actions, directly,

contributorily, or by inducement, and has not otherwise infringed or violated any rights of

Defendants;

d)      A judgment and declaration that Rovi is barred under the doctrines of

implied license and patent exhaustion from alleging that Comcast's Legacy Guides and

related STBs infringe Rovi's patents;

e)      A judgment and declaration that Rovi's claims that Comcast infringed

Rovi's patents prior to March 31, 2016 are barred pursuant to the express patent license

contained in the LDA, and that Rovi has released the STB Suppliers from its claims

arising before that date;

f)      An injunction against Defendants and their affiliates, subsidiaries, assigns,

employees, agents or anyone acting in privity or concert with Defendants from charging

infringement, instituting, or continuing any legal or administrative action alleging

infringement of the Asserted Patents against Comcast or anyone acting in privity with

Comcast, including the divisions, successors, assigns, agents, suppliers, manufacturers,

contractors and customers of Comcast;

g)      A judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Comcast to an award of its reasonable attorneys' fees, expenses and costs in this action;

h)      An award to Comcast of its costs, attorneys' fees, reasonable expenses of litigation to the fullest extent permitted by law;

i)      An order awarding compensatory, consequential, and punitive damages to Plaintiffs;

j)      An order awarding pre- and post-judgment interest to Plaintiffs; and

k)      Such further equitable or other relief as the Court deems just and proper.

Dated: New York, New York
May 23, 2016

Respectfully submitted,

DAVIS POLK & WARDWELL LLP

/s/ Dana M. Seshens
Dana M. Seshens
David B. Toscano

450 Lexington Avenue
New York, New York 10017
Telephone:     (212) 450-4000
Facsimile:     (212) 701-5800
dana.seshens@davispolk.com
david.toscano@davispolk.com

 – and –

Matthew B. Lehr
Anthony I. Fenwick*
David J. Lisson*
Gareth E. DeWalt*
Micah G. Block*

1600 El Camino Real
Menlo Park, California 94025
Telephone:     (650) 752-2000
Facsimile:     (650) 752-2111
matthew.lehr@davispolk.com
anthony.fenwick@davispolk.com
david.lisson@davispolk.com
gareth.dewalt@davispolk.com
micah.block@davispolk.com

*pro hac vice applications forthcoming

*Attorneys for Plaintiffs Comcast
Corporation; Comcast Cable
Communications, LLC; Comcast Cable
Communications Management, LLC;
Comcast of Houston, LLC; Comcast
Business Communications, LLC; Comcast
Holdings Corporation; Comcast Shared
Services, LLC; and Comcast STB Software
I, LLC*