UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                        :

COMCAST CORPORATION, COMCAST     :         16-CV-3852 (JPO)
CABLE COMMUNICATIONS, LLC,        :
COMCAST CABLE COMMUNICATIONS   :       OPINION AND ORDER
MANAGEMENT, LLC, COMCAST OF      :
HOUSTON, LLC, COMCAST BUSINESS   :
COMMUNICATIONS, LLC, COMCAST    :
HOLDINGS CORPORATION, COMCAST   :
SHARED SERVICES, LLC, and COMCAST  :
STB SOFTWARE I, LLC,                 :
                                        :
                          Plaintiffs,   :
                                          :

                     -v-                      :
                                        :
ROVI CORPORATION, ROVI GUIDES, INC.,  :
ROVI TECHNOLOGIES CORP., and VEVEO,  :
INC.,                                     :
                        Defendants.  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

       Plaintiffs filed a motion for preliminary injunction on June 1, 2016, and a letter motion

for a stay pending a concurrent action in the International Trade Commission ("ITC") on June

22, 2016.  Defendants filed a motion to dismiss, or alternatively, to stay or transfer on June 10,

2016.  A preliminary injunction hearing on this matter was held on July 12, 2016.  For the

reasons that follow, Plaintiffs' motion for a preliminary injunction is denied, Defendants' motion

is granted to the extent that it requests a stay, and Plaintiff's letter motion to stay is denied as

moot.

## I.     Background

       Plaintiffs are Comcast Corporation; Comcast Cable Communications, LLC; Comcast

Cable Communications Management, LLC; Comcast of Houston, LLC; Comcast Business

Communications, LLC; Comcast Holdings Corporation; Comcast Shared Services LLC; and

Comcast STB Software I, LLC (collectively, "Comcast").  They filed this action for breach of

contract and declaratory judgment of patent noninfringement against Rovi Corporation; Rovi

Guides, Inc.; Rovi Technologies Corp.; and Veveo, Inc. (collectively, "Rovi") on May 23, 2016.

(Dkt. No. 1.)  Before Comcast commenced the present action, Rovi filed two complaints against

Comcast for patent infringement in the Eastern District of Texas ("EDTX"), both on April 1,

2016.  *Rovi, et al. v. Comcast Corp., et al.*, No. 2:16-cv-00321-JRG-RSP (E.D. Tex. Apr. 1,

2016); *Rovi, et al. v. Comcast Corp., et al.*, No. 2:16-cv-00322-JRG-RSP (E.D. Tex. Apr. 1,

2016).  Rovi also filed one action with the ITC.  *In the Matter of Certain Digital Video Receivers

and Hardware and Software Components Thereof*, Inv. No. 337-TA-1001 (ITC Apr. 6, 2016).

The declaratory relief of noninfringement sought by Comcast in this action relates to the same

fifteen patents at issue in the cases filed in the EDTX and ITC actions.  Comcast's complaint

further asserts state law breach of contract claims and the defenses of express license, implied

license, and patent exhaustion.  (Dkt. No. 1.)

Comcast's motion for a preliminary injunction is based on the forum selection clauses in

two separate licensing agreements between Comcast and Rovi.  Comcast argues that these

clauses mandate that all of the actions described above be litigated exclusively in New York state

or federal courts.  In its pending motion for preliminary injunction, Comcast asks this Court to

enjoin Rovi from continuing to prosecute its infringement actions in the EDTX and ITC, and to

order Rovi to terminate those actions.  (Dkt. No. 25.)  For its part, Rovi seeks to dismiss, or

alternatively, to stay or transfer this action to the EDTX based on its view that the law directs

that this Court defer resolution of substantially similar matters to the first-filed forum.  (Dkt. No.

49).  Finally, Comcast has filed an unopposed letter motion to stay the overlapping patent

infringement action until the ITC action is terminated or finalized pursuant to 28 U.S.C.

§ 1659(a).[1]  (Dkt. No. 57.)

## II.     Legal Standards

### A.     The "First-to-File" Rule

In a patent case, this Court looks to the law of the Court of Appeals for the Federal

Circuit in applying the first-to-file rule.  *See Futurewei Techs., Inc. v. Acacia Research Corp.*,

737 F.3d 704, 708 (Fed. Cir. 2013) ("Resolution of whether the second-filed action should

proceed presents a question sufficiently tied to patent law that the question is governed by this

circuit's law.").  The first-to-file rule is a principle of federal comity that permits a district court

to decline to exercise jurisdiction when a substantially similar complaint is already filed in

another district.  "This 'first-to-file' rule exists to 'avoid conflicting decisions and promote

judicial efficiency.'"  *Id.* (quoting *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir.

2012)).

The Supreme Court has repeatedly observed that, under the doctrine of comity, when

cases involving substantially overlapping issues are pending before two different federal district

courts, "[w]ise judicial administration" counsels the avoidance of duplicative litigation.  *Colo.*

*River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (alteration in original)

(quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)) (emphasizing

that, "in situations involving the contemporaneous exercise of concurrent jurisdictions," courts

should "giv[e] regard to conservation of judicial resources and comprehensive disposition of

litigation" (citation and internal quotation mark omitted)); *Kerotest*, 342 U.S. at 183 (noting that

---

[1]      Comcast notes that this motion was filed "[s]olely to preserve its statutory rights."  (Dkt.
No. 62, at 4 n.3.)

"[w]ise judicial administration . . . does not counsel rigid mechanical solution of such problems"

and that "[t]he factors relevant to wise administration here are equitable in nature").

The Federal Circuit has announced a general rule to aid in the disposition of cases where

a later-filed declaratory judgment action sufficiently overlaps with an earlier-filed patent

infringement action: "When two actions that sufficiently overlap are filed in different federal

district courts, one for infringement and the other for declaratory relief, the declaratory judgment

action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the

infringement action." *Futurewei*, 737 F.3d at 708.  There are exceptions to the first-to-file rule,

but "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory

action." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  Exceptions to

this general rule may be based on "the convenience and availability of witnesses, [the] absence

of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with

related litigation, or considerations relating to the real party in interest." *Futurewei*, 737 F.3d at

708 (alterations in original) (quoting *Genentech*, 998 F.2d at 938).[2]

**B.       Preliminary Injunction**

To be entitled to an injunction, a movant must establish (1) a likelihood of success on the

merits of the case; (2) that it will suffer irreparable harm in the absence of injunctive relief; (3)

that considering the balance of the hardships between plaintiff and defendant, a remedy at equity

is warranted; and (4) that the public interest would not be disserved by a preliminary injunction.

---

[2]       *See also Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("'[W]here there are two
competing lawsuits, the first suit should have priority, absent the showing of balance of
convenience . . . or . . . special circumstances . . . giving priority to the second.'  Deference to the
first filing 'embodies considerations of judicial administration and conservation of resources.'
The decision whether or not to stay or dismiss a proceeding rests within a district judge's
discretion." (quoting *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79-80 (2d Cir.
1989) (alterations in original)).

*See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Tex. Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1328 (Fed. Cir. 2000); *N.Y. Progress & Prot. PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013).

## III.    Discussion

### A.    Motion to Dismiss, Stay, or Transfer

The parties agree that the declaratory judgment action filed by Comcast in this Court raises substantially the same issues as the patent infringement action field by Rovi in the EDTX. (*See* Dkt. No. 50, at 8 (Rovi noting that "the cases substantially overlap"); Dkt. No. 72, at 7:19-21 (Counsel for Comcast noting that "[w]e have got plaintiffs or parties who have run to two different forums and are trying to adjudicate the same issue")).) They disagree, however, as to whether this Court or the EDTX should be the first to interpret the forum selection clause. Rovi contends that Comcast should make its case through motions to transfer in the EDTX, the first-filed forum. (*See* Dkt. No. 50, at 4–5.) Indeed, Comcast has already filed such motions in the EDTX to transfer the relevant actions from the EDTX to this Court. (*See* Dkt. No. 62 at 4.) Comcast argues that the first-to-file rule does not apply in this case "because the parties agreed in [two separate licensing agreements] that this dispute would be heard in New York." (*Id.* at 7.) In other words, Comcast contends that the forum-selection clauses trump the first-to-file rule.

In support of its position, Comcast relies heavily on *General Protecht Group, Inc. v. Leviton Manufacturing Co.*, 651 F.3d 1355 (Fed. Cir. 2011). There, as here, a licensor commenced actions against a licensee outside the forum indicated in the license agreement. *Id.* at 1358. The licensee in that case commenced a new action "asserting declaratory-judgment claims for breach of contract, [and] non-infringement" in the forum indicated in the license agreement, just as Comcast did in the present action. *Id.* In *General Protecht*, the Federal Circuit determined that the district court in the forum indicated in the license agreement did not

abuse its discretion in granting a preliminary injunction against the continued litigation of the dispute outside of the indicated forum. *Id.* at 1366. But *General Protecht*, at most, *permits* this Court to enter a preliminary injunction when a forum selection clause likely governs an action brought in other forums. It does not compel that determination.

As discussed above, the Federal Circuit has held that, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc.* 737 F.3d at 708. In *Futurewei*, as here, the Federal Circuit adhered to the first-to-file rule notwithstanding the possibility that a forum selection clause in a license agreement might justify transfer, explaining that the first-filed forum could decide issues involving the forum selection clause. *Id.* at 709. This general rule is expressly intended "to 'avoid conflicting decisions and promote judicial efficiency.'" *Id.* at 708 (quoting *Merial Ltd.*, 681 F.3d at 1299).

Litigants who believe that a forum selection clause governs an action brought in an alternative forum should first seek to resolve the venue issue in the first-filed forum, absent exceptional circumstances. As the Supreme Court has held, "a forum-selection clause . . . may be enforced through a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579 (2013). In this case, just such a motion is currently pending before the EDTX court and Comcast fails to demonstrate why the relief requested in that motion would be insufficient.

 "The courts of this district have adopted a 'bright-line rule' that '[t]he court before which the first-filed action was brought determines which forum will hear the case.'" *Noble v. U.S. Foods, Inc.*, No. 14-CV-7743-RA, 2014 WL 6603418, at *3 (S.D.N.Y. Nov. 19, 2014) (alteration in original) (quoting *MSK Ins., Ltd. v. Emp'rs Reinsurance Corp.*, 212 F. Supp. 2d

266, 267 (S.D.N.Y. 2002)).  "Although this bright-line rule is largely identical to and rooted in the first[-]filed rule, it does not provide for any special exceptions.  It is a straight-forward rule to be applied in a rote manner."  *Pem Am., Inc. v. Lambert*, No. 03 Civ. 3706–JFK, 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003).[3]

These principles apply with equal force to Comcast's claims that Rovi's ITC action should be enjoined.  The parties do not dispute that the ITC action and one of the EDTX actions—the -322 action—are essentially identical.  (*See* Dkt. No. 50 at 9 ("The earlier-filed ITC action substantially overlaps with the earlier-filed -322 EDTX case, and Comcast's arguments are substantially the same as to both."); Dkt. No. 62 at 3 ("[T]he -322 and ITC actions assert infringement of the same seven additional patents.").)  As such, resolution of the effect of the forum selection clauses on the EDTX action would apply equally to the substance of the ITC action.

One of the forum selection clauses at issue, however, applies only to suits over which a New York court has subject matter jurisdiction.  (*See* Dkt. No. 28-2 § 7.08 ("[T]his Agreement or the transactions contemplated hereby shall be brought in the United States District Court for

---

[3]     Other district courts have likewise concluded that the first-filed forum shall determine the applicability of the first-filed rule and whether exceptions to that rule exist.  *See Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012) (concluding that the first-filed forum should "determine whether exceptions to the first-filed rule apply"); *EMC Corp. v. Bright Response, LLC*, No. C–12–2841–EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012) (holding that "resolution of whether any exceptions should trump the rule is best determined by the [court in which the first action was filed]"); *Mycone Dental Supply Co. v. Creative Nail Design, Inc.*, No. 11–4380 (JBS/KMW), 2012 WL 1495496, at *1 (D.N.J. Apr. 26, 2012) ("The same considerations of comity and efficiency that animate the First-filed Rule also dictate that the court in which the matter was first-filed should be the forum to determine which court is the more appropriate forum to ultimately adjudicate the merits of this matter."); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 11–15068, 2012 WL 314049, at *6 (E.D. Mich. Jan. 31, 2012) ("[T]he determination of the appropriate venue for this dispute should not be made in this court.  Rather, that decision should be left to the Central District of California as the first-filed court.").

New York or any New York State court sitting in New York County, so long as one of such courts shall have subject matter jurisdiction over such suit, action or proceeding."); Dkt. No. 28-4 § 12.09 (same).)  Rovi asserts that even if this forum selection clause governs the substance of the ITC action, this Court would not have subject matter jurisdiction over the ITC action, which is brought under Section 337 of the Tariff Act, such that the forum selection clause would not apply.  (Dkt. No. 50 at 10.)  It is the EDTX, however, that must first address the threshold issue of whether the infringement action arises from the agreement.

Comcast argues that "it would itself breach the CLA and LDA if it sought to enforce those agreements and enjoin the ITC action in Texas rather than in New York."  (Dkt. No. 62 at 13.)  It asks this Court to find that the ITC action is covered by both forum selection clauses and to enjoin Rovi from pursuing the action.  Comcast puts the cart before the horse.  If the EDTX, as the first-filed forum, finds that the forum selection clauses do not apply to the current actions—allowing the actions to remain in the EDTX—then this Court would not need to answer the secondary question as to whether this Court has subject matter jurisdiction over the ITC proceedings.  If, on the other hand, the EDTX interprets the forum selection clauses to require that the actions be brought in this Court, it will then become necessary to resolve whether this Court has subject matter jurisdiction over the ITC action sufficient to justify enjoining that action under the forum selection clauses.  Premature resolution of the application of the forum selection clauses to the ITC action would thwart the principles of comity and efficiency underlying the first-to-file rule.  Comcast fails, moreover, to argue persuasively for any of the exceptions to the generally applicable first-to-file rule.  *See Futurewei*, 737 F.3d at 708 (recognizing that justifications for an exception include "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation

with related litigation, or considerations relating to the real party in interest" (alterations in original) (quoting *Genentech*, 998 F.2d at 938)).

Because the first-filed forum, the EDTX, is no less capable than this Court of determining the appropriate forum, and in the interest of "[w]ise judicial administration"—in light of the "ample degree of discretion" that this Court exercises in such matters—this Court grants Rovi's motion to stay the case pending resolution of the earlier-filed motions to transfer in the EDTX. *Kerotest Mfg. Co.*, 342 U.S. at 183–84.

### B.   Preliminary Injunction

Having granted Rovi's motion to stay the case, the Court concludes that it would be inappropriate to rule on the likelihood of Comcast's success on the merits for the same reasons that animate the first-to-file rule.  *See Futurewei*, 737 F.3d at 708.  The determination of Comcast's likelihood of success on the merits of its breach of contract claims hinges on a determination of the scope and effect of the forum selection clauses.  In the interests of comity among the federal courts, and to avoid conflicting decisions and promote judicial efficiency, this determination should be made by the first-filed forum, the EDTX, by way of the currently pending motions to transfer.

In any event, Comcast's request for a preliminary injunction in this case would be denied due to Comcast's failure to demonstrate irreparable harm.  Comcast argues that being "deprived of its bargained-for forum" is alone sufficient to demonstrate irreparable harm, and that in the absence of an injunction "Comcast will be forced to engage in burdensome, duplicative, and fast-paced litigation on multiple fronts."  (Dkt. No. 27, at 21.)  The Court finds that Comcast's contentions concerning irreparable harm carry little weight in the face of the ability of the EDTX to first evaluate the merits of its claim and, if appropriate, transfer the case to the allegedly

bargained-for forum.  To the extent that Comcast is concerned about the burden of litigating on multiple fronts, this Court's stay will serve to alleviate that burden.

These are precisely the concerns that the first-to-file rule is intended to address.  "The 'first-to-file' rule . . . generally favors pursuing *only* the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions.  *Merial Ltd.*, 681 F.3d at 1299 (emphasis added).  In this case, that means that the EDTX court is the proper court to determine whether it is the appropriate forum for the pending claims.  *See EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) ("The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate."); *Adam*, 950 F.2d at 92 ("We consider the propriety of the forum a threshold issue that must be considered before addressing the merits.").

Given the utmost confidence this court has in its sister court, and as that court has yet to decide the pending motions to transfer, Comcast has not demonstrated at this early stage that it has been deprived of its bargained-for forum.  Accordingly, Comcast's motion for a preliminary injunction is denied.

**IV.     Conclusion**

For the foregoing reasons, and based on all arguments at the preliminary injunction hearing, the Court concludes that the first-filed rule applies in this case, and that the EDTX is best positioned, in the first instance, to decide whether any exceptions should trump that rule. Because the EDTX has yet to rule on the pending motions, however, the Court determines that it would inappropriate to dismiss or transfer this action at this time.

Accordingly, Defendant Rovi's motion to dismiss, or alternatively, stay or transfer is GRANTED in part and DENIED in part.  The request for a stay is granted and this matter is

hereby STAYED pending a ruling by the Eastern District of Texas on the pending motions to transfer.  In other respects the motion is denied without prejudice.

Comcast's motion for a preliminary injunction is DENIED without prejudice, and Comcast's motion for a stay pursuant to 28 U.S.C. § 1659(a) is DENIED as moot.

The parties are directed to update the Court as to the status of the EDTX action within sixty days of the date of this Order, and every sixty days thereafter, until that action is resolved. Should the EDTX court render a final judgment, the parties are directed to notify the Court within thirty days.

The Clerk of Court is directed to close the motions at Docket Numbers 25, 49 and 57.


SO ORDERED.


Dated:  September 16, 2016
        New York, New York

_____
                J. PAUL OETKEN
             United States District Judge