UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMCAST CORPORATION, COMCAST
CABLE COMMUNICATIONS, LLC,
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC, COMCAST OF
HOUSTON, LLC, COMCAST BUSINESS
COMMUNICATIONS, LLC, COMCAST
HOLDINGS CORPORATION, COMCAST
SHARED SERVICES, LLC, and COMCAST
STB SOFTWARE I, LLC,

                        Plaintiffs,

-v-

ROVI CORPORATION, ROVI GUIDES, INC.,
ROVI TECHNOLOGIES CORP., and VEVEO,
INC.,

                        Defendants.

16-CV-3852 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On June 1, 2016, Comcast Corporation, Comcast Cable Communications, LLC, Comcast Cable Communications Management, LLC, Comcast of Houston, LLC, Comcast Business Communications, LLC, Comcast Holdings Corporation, Comcast Shared Services, LLC, and Comcast STB Software I, LLC (collectively, "Comcast" or "Plaintiffs") filed a motion for preliminary injunction, seeking to enjoin Rovi Corporation, Rovi Guides, Inc., Rovi Technologies Corp., and Veveo Inc. (together, "Rovi" or "Defendants") from continuing to prosecute their patent infringement claims against Plaintiffs in the Eastern District of Texas and the International Trade Commission ("ITC"). (*See* Dkt. No. 25). On June 10, 2016, Defendants filed a motion to dismiss, or alternatively, to stay or transfer the present action, as the Eastern District of Texas was the first-filed forum. (*See* Dkt. No. 49.) On June 22, 2016, Plaintiffs filed a letter motion for a stay pursuant to 28 U.S.C. § 1659(a) in light of the ITC action. (*See* Dkt.

No. 57.) A hearing on this matter was held on July 12, 2016. (*See* Dkt. No. 72.) On August 16, 2016, the Court denied Plaintiffs' motion for a preliminary injunction, granted Defendants' motion to the extent that it requested a stay, and denied as moot Plaintiff's letter motion to stay the ITC proceedings. (*See* Dkt. No. 75.) The Court reasoned that the first-filed forum, the Eastern District of Texas, should first determine whether it was the appropriate forum in which to resolve the parties' disputes. (*Id.*)

On October 25, 2016, the Eastern District of Texas granted Plaintiffs' motions to change venue to this Court pursuant to a forum-selection clause in a contract between Comcast and Rovi. (Dkt. No. 79-1.) The parties now agree that Plaintiff's preliminary injunction motion is ripe for resolution by this Court to the extent it seeks to enjoin Rovi's prosecution of its action in the ITC. (*See* Dkt. No. 80; Dkt. No. 82.) The Court, therefore, lifts the stay previously imposed to resolve the pending motion for a preliminary injunction as regards the ITC action. For the reasons that follow, the Court denies Plaintiffs' motion for a preliminary injunction and stays the portion of the present action that overlaps with the ITC action pursuant to 28 U.S.C. § 1659(a) until any judgment by the ITC becomes final.

**I.     Background**

On May 23, 2016, Comcast commenced the present action for breach of contract and a declaratory judgment of patent noninfringement against Rovi. (Dkt. No. 1.) Before Comcast filed the present action, Rovi had commenced proceedings in the ITC. *See In the Matter of Certain Digital Video Receivers and Hardware and Software Components Thereof*, Inv. No. 337-TA-1001 (ITC Apr. 6, 2016). The earlier-filed ITC action involves seven of the fifteen patents at issue in the present action.[1] (Dkt. No. 28-6.) The complainants in that action—Rovi

---

[1]    At the ITC, Rovi asserts U.S. Patent Nos. 6,418,556; 8,000,263; 8,046,801; 8,566,871; 8,578,413; 8,621,512; and 8,768,147 (together, the "ITC patents"). In addition to the ITC

2

Corporation and Rovi Guides Inc.—allege that the Plaintiffs here (except Comcast of Houston, LLC and Comcast STB) infringe at least one claim of each of the asserted ITC patents. (Dkt. No. 16 ¶ 45.)

In both this action and the ITC action, Rovi alleges that Comcast's interactive programming guides and set-top boxes infringe its patents. (Dkt. No. 27 at 6.) In its pending motion for preliminary injunction, Comcast asks this Court to enjoin Rovi from continuing to prosecute its infringement action in the ITC, and to order Rovi to terminate that action based on its reading of two forum-selection clauses in contracts between Comcast and Rovi: a software cross license agreement (the "Software Agreement") and an expired patent license and distribution agreement (the "Patent Agreement"). (Dkt. No. 25.)

In 2010, Comcast and Rovi entered into a series of agreements that include the Software Agreement and Patent Agreement (the "Agreements"). (Dkt. No. 58 at 4.) Each Agreement contains a forum-selection clause. The Software Agreement provides, in relevant part:

> The Parties agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transactions contemplated hereby shall be brought in the United States District Court for New York or any New York State court sitting in New York County, so long as one of such courts shall have subject matter jurisdiction over such suit, . . . .

(Dkt. No. 28-4 § 12.09.) The Patent Agreement provides, in relevant part: "The parties hereby agree and consent to the exclusive jurisdiction and venue of the states and/or federal courts situated in New York, New York, for any dispute arising from this AGREEMENT." (Dkt. No. 28-5 § 23.) By its terms, the Patent Agreement expired on March 31, 2016 (*id.* at § 17(a)), but its forum-selection clause purports to "survive indefinitely" (*id.* §§ 17(d)(vi), 23). Rovi argues

---

patents, U.S. Patent Nos. 6,725,281; 7,895,218; 7,996,864; 8,122,034; 8,433,696; 8,713,595; 8,755,666; are 9,172,987 are implicated in the present action. (Dkt. No. 16 ¶¶ 43-44.)

that neither Agreement's forum-selection clause bars its patent infringement claims at the ITC. (Dkt. No. 58.)

## II.     Legal Standards

As an initial matter, Federal Circuit law governs the issue of whether to grant a preliminary injunction to enjoin Rovi's participation in an ITC action because it involves a procedural matter arising from substantive issues that are unique to the Federal Circuit's jurisdiction. *See Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) (applying Federal Circuit law to a case "involving an injunction against participation in . . . an ITC investigation"); *Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1328 (Fed. Cir. 2000) (holding that a "preliminary injunction motion . . . to enjoin [a party] from continued participation in an ITC proceeding" is governed by the Federal Circuit's procedural law).

Interpretation of a license agreement, however, requires the Court to engage in general contract interpretation, which is "not within the exclusive jurisdiction of the Federal Circuit," and is "ordinarily a question of state law." *Texas Instruments*, 231 F.3d at 1329 (quoting *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989)). The governing-law clauses of the Agreements require interpretation of the agreements in accordance with New York law. (Dkt. No. 28-4 § 12.08; Dkt. No. 28-5 § 23.) This Court will, therefore, apply New York state law to interpret the license agreements.

As for the relief sought, a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." *Id.* at 20; *see also Texas Instruments*, 231 F.3d at 1328 (Fed. Cir. 2000).

### III. Discussion

#### A. Preliminary Injunction

The Court begins by analyzing Comcast's likelihood of success on the merits as regards the forum selection clauses of (1) the Software Agreement and (2) the Patent Agreement.

Comcast argues that it is likely to succeed under both Agreements' forum-selection clauses, as Rovi's ITC proceeding "aris[es]" from or is "in connection with" the Software Agreement (Dkt. No. 28-4 § 12.09), and "aris[es]" from the Patent Agreement (Dkt. No. 28-5 § 23), and that there is a strong presumption under New York law in favor of interpreting broadly and enforcing forum-selection clauses. (Dkt. No. 27 at 10-11 (citing, *inter alia*, *Montoya v. Cousins Chanos Casino LLC*, 943 N.Y.S.2d 793 (Table), at *4-6 (N.Y. Sup. Ct. Jan 12, 2012).)

Turning first to the Software Agreement, Rovi argues that, even if triggered, the plain language of the forum-selection clause in the Software Agreement precludes its application to the ITC action at issue because this Court lacks jurisdiction over the ITC proceedings. The Software Agreement's forum-selection clause includes an important limitation: It requires that any "action or proceeding" "aris[ing] out of" that agreement "be brought" in New York courts, but only "*so long as one of such courts shall have subject matter jurisdiction over such suit*." (Dkt. No. 28-4 § 12.09 (emphasis added).) Rovi's claims in the ITC arise from § 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, and the ITC has exclusive jurisdiction over unfair importation practices brought under that section. *See Enercon GmbH v. Int'l Trade Comm'n*, 151 F.3d 1376, 1380 (Fed. Cir. 1998); *Potter v. Toei Animation Inc.*, 839 F. Supp. 2d 49, 53 (D.D.C. 2012). The Software Agreement's forum-selection clause, therefore, does not apply to

its ITC action because the New York courts contemplated in the Software Agreement, including this Court, do not have subject matter jurisdiction over the ITC action.

Comcast's insistence that the *nature* of the underlying dispute—a dispute over patent infringement—enables this Court to exercise its jurisdiction does not cure the jurisdictional hurdle of the ITC's exclusive jurisdiction and therefore does not overcome the Software Agreement's express requirement that this Court have jurisdiction over the dispute in order to trigger the forum-selection clause.  (*See* Dkt. No. 64 at 6; *see also* Dkt. No. 62 at 13-14.)[2]

Because this Court does not have jurisdiction over the proceedings commenced in the ITC, and because the forum-selection clause of the Software Agreement is not triggered unless a New York court has jurisdiction over the action in question, Comcast is not likely to succeed on the merits of its claim that Rovi's maintenance of the ITC action constitutes a breach of the forum-selection clause of the Software Agreement.

Turning to the Patent Agreement, Rovi makes two arguments that the Patent Agreement's forum-selection clause does not apply to the ITC action.  First, Rovi argues that the ITC proceedings do not "aris[e] from" the Patent Agreement because the ITC action arises from statute, not out of a dispute concerning the Agreement. (Dkt. No. 58 at 10-11.)  And while the Second Circuit's case law requires that a party assert "rights or duties under the contract" in order for a dispute to arise under that contract, *see Phillips v. Audio Active Ltd.*, 494 F.3d 378,

---

[2]     Comcast argues that "[b]ecause this Court has subject matter jurisdiction over patent infringement cases and can hear the infringement claims Rovi asserts in the ITC, Rovi breached the Software Agreement by suing in the ITC." (Dkt. No. 64 at 6; *see also* Dkt. No. 62 at 13-14.) This misses the point.  "The district courts of the United States. . . are 'courts of limited jurisdiction'" that "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  While this Court does have "original jurisdiction of any civil action arising under any Act of Congress relating to patents," 28 U.S.C. § 1338, it simply does not have jurisdiction over claims brought under Section 337 of the Tariff Act of 1930, *see* 19 U.S.C. § 1337.

391 (2d Cir. 2007), this Court must apply the procedural law of the Federal Circuit, as explained above.  The Federal Circuit has held that "[p]atent infringement disputes do arise from license agreements." *Texas Instruments*, 231 F.3d at 1331.  Patent infringement actions relating to valid license agreements are therefore properly considered as arising from those licenses, not from the statute.

That said, the Patent Agreement is no longer operative; it expired on March 31, 2016.  Rovi filed its claims with the ITC after that date, seeking prospective relief.  (*Id.* at 11-13.)  Rovi does not seek damages or injunctive relief on any activity by Comcast that occurred *before* the expiration of the Patent Agreement on March 31, 2016.  (*See* Dkt. No. 58 at 10-11; Dkt. 59-10; Dkt. No. 72 at 45:3-46:25; Dkt. No. 83.)  While it is true that the forum-selection clause in the Patent Agreement "survive[s] indefinitely" (*id.* §§ 17(d)(vi), 23), claims for patent infringement do not "aris[e] under" (Dkt. No. 28-5 § 23) an expired or invalid patent license agreement and, therefore, do not trigger the surviving forum-selection clause by its own terms.  A "forum selection clause . . . is not applicable" where a plaintiff "makes it clear that it only seeks to recover damages and injunctive relief based on [a defendant's] alleged infringement that took place *after* the expiration date of the license" because "[s]uch claims do not arise under the License Agreement, and are therefore not governed by the forum selection clause." *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 2:13 Civ. 00783, 2014 WL 2757541, at *6 (E.D. Tex. June 17, 2014) (citing *Video Streaming Sols. LLC v. Microsoft Corp.*, No. 13 Civ. 7031, 2014 WL 2198480, at *4 (N.D. Ill. May 27, 2014)).  Similarly, Rovi is not seeking relief at the ITC for any unfair act that occurred *prior* to the expiration of the Patent Agreement.  Accordingly, the dispute does not arise from the expired Patent Agreement, and the forum-selection clause is not triggered.

Comcast is therefore not likely to succeed on the merits of its claim regarding either Agreement. As such, it is not entitled to a preliminary injunction, and the Court declines to address the remaining factors. *See Somerset Pharms., Inc. v. Dudas*, 500 F.3d 1344, 1346 (Fed. Cir. 2007) ("To establish entitlement to a preliminary injunction a movant must establish a reasonable likelihood of success on the merits.") (citing *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1324-25 (Fed. Cir. 2004)); *In re Fenofibrate Patent Litig.*, 910 F. Supp. 2d 708, 716 (S.D.N.Y. 2012), *aff'd*, 499 F. App'x 974 (Fed. Cir. 2013) (denying a preliminary injunction under Federal Circuit law where the movant "has failed to demonstrate that it is likely to prevail on the merits on appeal" and declining to "address the remaining factors").

### B. Motion to Stay

On June 22, 2016, Comcast submitted an unopposed letter motion for a statutory stay of the proceedings in this Court that overlap with the proceedings in the ITC, pursuant to 28 U.S.C. § 1659(a). (Dkt. No. 57; Dkt. No. 82 at 1 n.1.) The Court now grants that motion.

### IV. Conclusion

For the foregoing reasons, Comcast's motion to enjoin Rovi from prosecuting its action pending before the ITC is DENIED.

Comcast's motion for a stay pursuant to 28 U.S.C. § 1659(a) is GRANTED as to the seven patents asserted in the ITC until the ITC action is terminated or any determination of the ITC becomes final.

The parties are directed to file a letter with the Court by December 23, 2016, indicating the parties' views as to how the action should proceed, including whether either party intends to

move to stay the remainder of the case or whether Defendants shall answer or otherwise respond to the complaint.

    SO ORDERED.

Dated: December 14, 2016
       New York, New York

_____
J. PAUL OETKEN
United States District Judge