UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMCAST CORPORATION; COMCAST
CABLE COMMUNICATIONS, LLC;
COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC; COMCAST OF
HOUSTON, LLC; COMCAST BUSINESS
COMMUNICATIONS, LLC; COMCAST
HOLDINGS CORPORATION; COMCAST
SHARED SERVICES, LLC; and COMCAST
STB SOFTWARE I, LLC,

         Plaintiffs,

-v-

ROVI CORPORATION; ROVI GUIDES, INC.;
ROVI TECHNOLOGIES CORP.; and VEVEO,
INC.,

         Defendants.

16-CV-3852 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On June 1, 2016, Comcast[1] filed a motion for preliminary injunction, seeking to enjoin Rovi[2] from continuing to prosecute their patent infringement claims against Plaintiffs in the Eastern District of Texas and before the International Trade Commission ("ITC"). (*See* Dkt. No. 25). On August 16, 2016, the Court denied Plaintiffs' motion for a preliminary injunction, granted Defendants' motion to the extent that it requested a stay, and denied as moot Plaintiffs' letter motion to stay the ITC proceedings. (*See* Dkt. No. 75.) In an Opinion and Order dated December 14, 2016, the Court further denied Comcast's motion to enjoin Rovi from prosecuting its ITC action.

---

  [1]  Comcast Corporation; Comcast Cable Communications, LLC; Comcast Cable Communications Management, LLC; Comcast of Houston, LLC; Comcast Business Communications, LLC; Comcast Holdings Corporation; Comcast Shared Services, LLC; and Comcast STB Software I, LLC (collectively, "Comcast" or "Plaintiffs").

  [2]  Rovi Corporation; Rovi Guides, Inc.; Rovi Technologies Corp.; and Veveo Inc. (together, "Rovi" or "Defendants").

1

*See Comcast Corp. v. Rovi Corp.*, No. 16 Civ. 3852, 2016 WL 7235802 (S.D.N.Y. Dec. 14, 2016).

Comcast has moved for reconsideration of the December Order pursuant to Local Civil Rule 6.3. (Dkt. No. 90.) For the reasons that follow, the motion is denied.

In addition, on October 25, 2016, when the United States District Court for the Eastern District of Texas granted Plaintiffs' motions to change venue to this Court (Dkt. No. 79-1), that court had before it two fully briefed motions to stay, *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. Nos. 108, 109. For the reasons that follow, those motions are also denied.

**I.     Motion to Reconsider**

**A.     Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523 (S.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011)). "To prevail, the movant must demonstrate either (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 580-81 (S.D.N.Y. 2013)). "[T]he movant cannot rely upon facts, issues, or arguments that were previously available but not presented to the court, or reargue issues that have already been considered." *Id.* A motion for reconsideration is not "a second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859, 2013 WL 1386933, *2 (S.D.N.Y. Apr. 5, 2013).

**B.     Discussion**

Familiarity with the underlying facts of this case, as set forth in the Court's December 14,

2016, Opinion and Order, is presumed. In relevant part, the Court determined that the forum selection clause of the expired patent license agreement (the "Patent Agreement") did not cover the present action. (Dkt. No. 84 at 7.) The Court reasoned that, while patent infringement claims do arise from license agreements, the present action did not trigger the forum-selection clause of the Patent Agreement because Rovi is seeking relief for allegedly infringing activity that occurred only *after* the expiration of the agreement. (*Id.* (citing *Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325, 1328 (Fed. Cir. 2000); *Innovative Display Techs. LLC v. Microsoft Corp.*, No. 13 Civ. 783, 2014 WL 2757541 (E.D. Tex. June 17, 2014)).)

Comcast now requests that the Court reconsider its holding in light of statements made by Rovi before the ITC. Comcast argues that these statements demonstrate that, despite Rovi's prior assurances to this Court, Rovi is indeed seeking relief as to alleged unfair acts that occurred *before* the expiration of the Patent Agreement. (*See* Dkt. No. 91.) If true, according to Comcast, the forum-selection clause in the Patent Agreement is triggered and the Court should enjoin the ITC action. (*See* Dkt. No. 91 at 11-12.)

As an initial matter, the statements made by Rovi in the ITC proceedings were not available to the Court when it issued its December 14, 2016, order. As such, they are properly considered on a motion for reconsideration.[3] *See Indergit*, 52 F. Supp. 3d at 523.

In particular, Comcast points to two aspects of the now-developed ITC record that it argues undermines Rovi's previous assertions that it is seeking only post-expiration relief: (1) Comcast's alleged stockpiling of infringing products while the Patent Agreement was in effect, and (2) Comcast's testing of infringing products after importation while the Patent Agreement

---

[3] Comcast also argues that its invocation of the Patent Agreement as a defense is sufficient to trigger the forum-selection clause. (Dkt. No. 91 at 10.) But this argument is not appropriate on a motion for reconsideration, as Comcast previously made this argument to the Court. (*See* Dkt. No. 27 at 13, 19.) *See Indergit*, 52 F. Supp. 3d at 523.

3

was in effect.

First, in Rovi's pre-hearing brief filed with the ITC, Rovi claimed that Comcast "import[ed] and stockpile[d] . . . products . . . under license" so that it could "distribute those infringing imported products with impunity immediately after" the LDA expired, and that Comcast "buil[t] up its inventory with imported products under license" that it is "leas[ing] . . . after the license has expired." (Dkt. No. 94-1 at 3, 9.) Comcast now argues that Rovi is seeking relief in the ITC for this "stockpiling," which took place before the expiration of the Patent Agreement, thus triggering the forum-selection clause. Indeed, Comcast argues that the ITC does not have jurisdiction over Rovi's claims unless Rovi's claims are based on the unfair act of importing and stockpiling the allegedly infringing products. (Dkt. No. 91 at 7.)

Second, Rovi represented to the ITC that Comcast's testing of the allegedly infringing products upon receipt infringes the asserted patents. (*See id.* at 4.) Comcast argues that, because Comcast had not acquired any allegedly infringing products since three months prior to the expiration of the Patent Agreement, any testing activity must have occurred while the Patent Agreement was still in effect. (*Id.* at 10.) Thus, Comcast argues, Rovi has sought relief in the ITC for unfair acts that occurred before the expiration of the Patent Agreement. (*Id.*)

But Rovi continues to plausibly maintain that it is not seeking the relief that Comcast believes it to be seeking. Instead, it argues that it is seeking relief in the ITC based on two alleged unfair acts: (1) importation of products *after* the expiration of the Patent Agreement, and (2) sales/distribution of products from inventory *after* the expiration of the Patent Agreement. (Dkt. No. 96 at 4.)

Comcast has not shown that Rovi is seeking relief in the ITC for any unfair act consisting of pre-expiration activity, including any stockpiling or testing of the allegedly infringing products. Throughout its representations to the ITC, Rovi has consistently asserted that

4

Comcast's activity before the expiration of the Patent Agreement was lawful and that it is seeking relief for unfair acts that occurred only after the expiration of that agreement. (*See, e.g.*, Dkt. No. 94-1 at 9 (arguing that Comcast does not "point to any authority that that would allow the distribution of imported, infringing products *after a license has expired*, and they cite no authority to suggest that the Commission is powerless to reach the millions of imported infringing products deployed by Comcast." (emphasis added)); Dkt. No. 97-1 at 3 ("To be clear: Rovi's claims in this Investigation are based solely on violations of Section 337 that have taken place after the expiration of the Patent License. *All* such violations fall within the purview of the Commission, including 'importations' that violate Section 337, and independently, 'sales after importation' that violate Section 337."); *id.* at 6 ("Comcast's rights to practice the Asserted Patents terminated with [the Patent Agreement.]").)

This is consistent with Rovi's representations to the ITC that "an Accused Product imported under license might still serve as a basis for a violation of Section 337 if a 'sale after importation' takes place after expiration of the Patent License," regardless of "whether or not the product was licensed when imported." (Dkt. No. 97-1 at 3.) And while this Court does not presume to decide any jurisdictional issue that the parties may raise at the ITC, Rovi's arguments appear consistent with the scope of the ITC's jurisdiction. *See Certain Elec. Devices with Image Processing Sys., Components Thereof, & Associated Software*, Inv. No. 337-TA-724, 2012 WL 3246515, at *11 (U.S.I.T.C. Dec. 21, 2011) ("[T]he statutory language of section 337 now expressly defines the relevant unfair acts to be importation, sale for importation, and sale after importation of 'articles *that – infringe*' U.S. patents." (quoting 19 U.S.C. § 1337(a)(1)(B)(i))).

Given the "extraordinary" nature of a motion for reconsideration, and because Comcast has failed to demonstrate that the forum-selection clause in the expired Patent Agreement was triggered by Rovi's statements in the ITC proceedings—which is the only new evidence raised

on the motion for reconsideration—Comcast's motion is denied. *See Indergit*, 52 F. Supp. 3d at 523.

## II.     Motion to Stay

On October 25, 2016, the United States District Court for the Eastern District of Texas granted Plaintiffs' motions to change venue to this Court. (Dkt. No. 79-1.) Pending before that court was a motion to stay the proceedings. (*Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 108 ("Motion to Stay")).[4]

In the Motion to Stay, Comcast argues for a stay of proceedings as they relate to U.S. Patent 8,755,666 ("the '666 patent").[5] The '666 patent is closely related to three patents at issue in the ITC action: U.S. Patent No. 8,578,413 ("the '413 patent"), which is the '666 patent's immediate parent; U.S. Patent No. 8,046,801 ("the '801 patent"), which is the '666 patent's grandparent; and U.S. Patent No. 8,006,263 ("the '263 patent"), which also descends from the '801 patent. All four patents share the same inventors and title. Moreover, the '666 patent's specification is identical to that of the '413 and '801 patents. (*See* Motion to Stay at 3-4.) Accordingly, Comcast argues, proceedings on the '666 patent should be stayed.

---

[4]     Defendants ARRIS International plc, ARRIS Group, Inc., ARRIS Technology, Inc., ARRIS Enterprises LLC, ARRIS Solutions, Inc., Pace Ltd. (now known as "ARRIS Global Ltd.")1, Pace Americas Holdings, Inc., Pace Americas Investments, LLC, and Pace Americas, LLC (collectively, "ARRIS"), joined Comcast's motion to stay with respect to the '666 patent. *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 109.

[5]     Comcast's request for a stay of the entire case pending the disposition of a motion before the Eastern District of Texas to change venue (which was granted at Dkt. No. 79-1), and a motion before this Court for a preliminary injunction (which was denied at Dkt. No. 84), is denied as moot. (*See* Motion to Stay at 13-15.) The portion of ARRIS's separate motion seeking to stay proceedings pending the disposition of the motion to transfer is similarly denied as moot. *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 109.

A. **Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also TradeWinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2011 WL 309636, at *3 (S.D.N.Y. Feb. 1, 2011). On a motion to stay, the Eastern District of Texas (the court to which the motion was originally submitted) considers: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).[6] "[I]f there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

B. **Discussion**

Comcast does not argue that it is entitled to a mandatory stay under 28 U.S.C. § 1659(a), which gives a respondent in an ITC proceeding a statutory right to stay "proceedings in [a] civil action with respect to any claim that involves the same issues involved in the proceeding before

---

[6] The standard in the Eastern District of Texas does not vary significantly from that in this district. This Court considers "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *In re OxyContin Antitrust Litig.*, No. 04 MD 1603, 2012 WL 5184949, at *6–7 (S.D.N.Y. Oct. 19, 2012) (internal quotation marks omitted) (quoting *Soros*, 2011 WL 309636, at *3). "In balancing these factors, 'the basic goal is to avoid prejudice.'" *Id.* (quoting *Soros*, 2011 WL 309636, at *3). Because the parties' briefs are addressed to the transferor court, and because the parties did not provide supplemental materials, the Court addresses the arguments as made to that court, where this motion to stay was filed in June 2016.

the Commission." Instead, it argues that the Court should use its inherent power to stay the case given the close relationship between the patents at issue in the ITC proceedings and the '666 patent. But the Court is not convinced that a stay is justified.

First, the claims against Comcast in this case and the claims against Comcast in the ITC are not identical. Rovi points out that the '666 patent raises issues that will not be addressed by the ITC, such that a stay of the case with respect to the '666 patent pending disposition of the ITC proceeding will not significantly simplify the case. (*Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 121 at 13-14.) *See, e.g.*, *Saxon Innovations, LLC v. Palm, Inc.*, No. 09 Civ. 272, 2009 WL 3755041, at *2 (E.D. Tex. Nov. 4, 2009) (finding it "unlikely that a stay would simplify the issues in question" where the ITC "will not consider [the movant's] arguments and theories regarding infringement or invalidity" of the patent-at-issue).

Moreover, some significant discovery on the '666 patent has already taken place in this case. On April 17, 2017, the parties submitted a Joint Claim Terms Chart for the eight patents-at-issue, including the '666 patent. *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 268. While the motion has been pending for over a year, presently, the parties are in the process of briefing and arguing their preferred constructions to the Court. *Rovi Guides, Inc. et al. v. Comcast Corporation et al.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 199. Staying the case as to the '666 patent at this stage of discovery to wait for the ITC proceedings to conclude, would only delay the resolution of issues for which the parties have already conducted significant discovery.

Furthermore, Rovi argues that if the Court were to grant the stay, Rovi will be unable to seek a timely remedy for Comcast's alleged infringement of this patent. *Rovi Guides, Inc. v. Comcast Corp.*, No. 16 Civ. 9278 (S.D.N.Y. June 9, 2016), Dkt. No. 121 at 10. And because

8

Comcast and Rovi compete for market share, a delay in Rovi's ability to pursue its legal claims may prejudice Rovi to the extent that it loses customers to Comcast, which might also harm Rovi in related markets. *See id.* at 11. *See Systemation, Inc. v. Engel Indus.*, Inc., 194 F.3d 1331, 1999 WL 129640, at *3, 6 (Fed. Cir. 1999) (finding that "damages would be very difficult to calculate due in part to the sales that would be lost in related markets to the claimed product market").

The Court, therefore, declines to exercise its discretion to stay the case with respect to the '666 patent where, as here, "there is . . . a fair possibility that the stay for which [Comcast] prays will work damage to" Rovi and where Comcast has made no showing "of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

### III. Conclusion

For the foregoing reasons, Comcast's motion for reconsideration of the Court's December 14, 2016, order and Comcast's and ARRIS's motions to stay are DENIED.

The Clerk of Court is directed to close the motion at Docket Number 90.

SO ORDERED.

Dated: May 15, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge